UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UBONG UBOH,**

    Petitioner,

v.                                Case No: 5:24-cv-410-WFJ-PRL

**WARDEN, FCC COLEMAN LOW,**

    Respondent.
_____

**ORDER**

This cause comes before the Court on Petitioner's "Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)." (Doc. 14). For the reasons set forth below, the Motion will be denied.

In August 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). His petition asserts that the Federal Bureau of Prisons has failed to award him program-based time credits available under provision of the First Step Act of 2018 ("FSA"), codified in 18 U.S.C. § 3632. Specifically, he alleges he is entitled to additional FSA credits accrued from January 20, 2023, through July 10, 2023. (Doc. 1 at 6–8).

On October 17, 2024, Respondent moved to dismiss the petition without prejudice due to Petitioner's failure to exhaust his administrative remedies. (Doc. 8). In response, Petitioner claimed that the administrative remedy process is futile. (Doc. 10). On November 1, 2024, the Court closed this case finding that Petitioner failed to

fully exhaust his administrative remedies and that "[h]is contention of futility is without substance." (Doc. 11). Petitioner was advised that he could refile a new petition under a new case number after fully exhausting the administrative remedies. *Id.*

District courts are afforded considerable discretion to reconsider prior decisions. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

In his motion, Petitioner re-argues that exhaustion in this case is futile. (Doc. 14). He further argues, for the first time, that administrative remedies were unavailable. *Id.* at 4–5. Petitioner has not raised any arguments warranting reconsideration or amendment of the judgment closing the case.

Accordingly, Plaintiff's Motion (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 9, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Party
Counsel of Record